# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JASON P. HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 07-598-JPG |
| | ) | |
| MEARL J. JUSTUS, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, a prisoner at the Clinton County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In this action, Plaintiff seeks damages for allegedly unlawful conditions of confinement at the St. Clair County Jail ("Jail"), denial of due process of law, and failure to adequately protect him from attack by another prisoner. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Title 28 U.S.C. § 1915A provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 ( 2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**THE COMPLAINT.**

Plaintiff's complaint asserts three separate claims. First, Plaintiff alleges that on August 6, 2007, he attempted to commit suicide by overdosing on prescribed sleeping pills. As a result of his suicide attempt, plaintiff was stripped naked and place in the male "quiet cell" with only a mat to sleep on. Plaintiff asserts that the toilet in the male "quiet cell" was out of order and that the cell lacked both hot water and soap. Plaintiff states that on August 8, 2007, he was moved from the male "quiet cell" to the female "quiet cell." Plaintiff alleges that the female "quiet cell" also lacked hot water and soap. Plaintiff states that on August 9, 2007, he was moved back to the male "quiet cell" where he remained until August 13, 2007. Plaintiff alleges that during the time he was confined in the "quiet cells," the cells were swept and mopped only once in violation of Jail policy stating that cells would be swept and mopped each day. Liberally construing the complaint, it appears that Plaintiff claims that the conditions in the "quiet cells" violated his constitutional rights.

Second, Plaintiff alleges that every time he wrote a complaint he did not receive a reply. Plaintiff alleges that the failure to respond to his complaints violated due process of law.

Finally, Plaintiff asserts that on July 22, 2007, he was involved in a fight with Ron Lott, a fellow prisoner. During this fight, Plaintiff asserts that he was cut with a razor. Plaintiff was taken to the hospital where he received stitches for this injury. Plaintiff contends that razors are handed out daily to inmates whose names are recorded. Plaintiff further contends that the distributed razors are to be collected every morning. Plaintiff alleges that a search of the Jail after the fight yielded twenty-one razors. Plaintiff claims that he was injured due to the negligence of prison staff in distributing and collecting the razors.

**DISPOSITION.**

At the outset, the Court doubts that the Jail - being a physical facility - is an entity subject to suit under § 1983, although St. Clair County, the political entity that operates the Jail, certainly is. Even if the Jail was a proper defendant, it is not automatically liable under § 1983 for the wrongdoing of its employees. To the contrary, it is well settled that political entities like the Jail - including St. Clair County and the City of Belleville - may not be held vicariously liable under § 1983 for the actions of its employees, unless the employee acted pursuant to a policy or custom. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Plaintiff's complaint contains no allegation that any of the alleged actions were taken pursuant to the policies and customs of the Jail, St. Clair County, or the City of Belleville. Therefore, the complaint fails to state a claim against the Jail, St. Clair County, or the City of Belleville.

Plaintiff's claims against Defendants Justus, Knapp, and McLauren should also be dismissed. Under § 1983, Plaintiff may only proceed against defendants who personally participated in a violation of his constitutional rights. "A defendant cannot be held liable in a § 1983 action unless he caused or participated in the alleged constitutional deprivation." *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1979); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). The complaint contains no allegations whatsoever concerning Defendants Justus, Knapp, and McLauren. Therefore, there is no causal connection between the violations claimed and the actions (or inaction) by these defendants.

An exhibit attached to a supplement to the complaint indicates that Defendant Knapp replied to Plaintiff's complaint that he was being denied grievance forms. Reviewing a grievance, however, does not make Knapp liable to Plaintiff under § 1983. *See Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982 (director of state correctional agency not personally responsible for constitutional violation within prison system solely because grievance procedure made him aware of it and he failed to act).

Furthermore, because the Constitution requires no grievance procedure at all, the alleged failure of Jail officials to respond to Plaintiff's complaints does not, by itself, violate the Constitution. *See Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shengo v. Jurich*, 681 F.2d 1091, 1098-99 (7th Cir. 1982).

Finally, no constitutional principle requires that inmates be permitted to own or receive hygiene items for the sake of owning cosmetics, but the deprivation of essential items may leave a prisoner exposed to the elements, or unable to care for his most fundamental needs, and thereby put his health in jeopardy and at that point, a constitutional right may be implicated. In *Harris v. Fleming*, 839 F.2d 1232 (7th Cir. 1988), the Seventh Circuit considered an inmate's claim that he was denied toilet paper for five days and denied soap, a toothbrush and toothpaste for ten days, while "he was kept in a filthy, roach-infested cell." *Id.* at 1234. The Circuit noted that "[i]nmates cannot expect the amenities, conveniences and services of a good hotel; however, the society they once abused is obliged to provide constitutionally adequate confinement." *Id.* at 1235-36. The Circuit then noted that "[a]lthough Harris experienced considerable unpleasantness, he suffered no physical harm," *id.* at 1235, and found that the conditions simply did not rise to the level of an Eighth Amendment violation.

The plaintiff in *Harris* spent ten days without his hygiene items. Plaintiff, by contrast, seven days without soap and hot water. The conditions of Plaintiff's confinement may have made his life unpleasant, but nothing in the Constitution requires Jail to be pleasant.[1]

---

[1] It is unclear whether Plaintiff is a convicted person serving his time in Jail or a pretrial detainee. Although claims brought pursuant to section 1983, when involving detainees, arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) without differentiation." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as a strike under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**Dated: January 17, 2008.**

    **s/ J. Phil Gilbert**
    **U. S. District Judge**